# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **BRIAN THOMAS FOLEY,** | ) | **CASE NO. 1:16CV1479** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **LG ELECTRONICS, INC, et. al,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon the Motion of LG Electronics (ECF DKT #12) to dismiss Plaintiff's claims for lack of Article III standing and for failure to state a claim pursuant to Fed. R. Civ P. 12(b)(6). For the following reasons, Defendant's Motion to Dismiss is GRANTED.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Brian Foley filed his original Complaint on June 15, 2016, against Defendant LG Electronics and two of its subsidiaries, alleging seven causes of action relating to three models of ovens marketed and sold by Defendant. Plaintiff filed an Amended Complaint on July 11, 2016, and filed his Second Amended Complaint on September 19, 2016. On September 26, 2016, Defendant filed a Motion to Dismiss all claims.

Defendant advertises three of the models of ovens it sells, models LRE3083, LRE3021ST and LRE3085ST, as having a "Sabbath Mode." The Sabbath Mode feature allows practicing

1

Jews to use the ovens on the Sabbath and religious holidays without violating religious restrictions. Plaintiff purchased a model LRE3083ST oven ("Oven") from the retailer hhgregg on November 12, 2015. Plaintiff knew when he bought the Oven that it had a Sabbath Mode feature, but chose the Oven primarily for its large capacity and true convection heating feature. Plaintiff alleges that he bought the oven primarily for personal use, but also to aid his baking business when he needed extra oven capacity.

Plaintiff tested the Oven for his business and discovered that the Oven was not suitable. Plaintiff alleges that the Oven was not a true convection oven and as a result, the Oven cooked bread unevenly and burned it. Plaintiff called Defendant's corporate office to request repairs under the Oven's express limited warranty. Repair teams were dispatched multiple times, but were unable to repair the oven and declared the oven unrepairable. Defendant informed Plaintiff that, due to Plaintiff's violation of the terms of the express limited warranty, Defendant was not obligated to repair or replace the Oven. The warranty states: "This limited warranty does not apply to:.. 2. Repairs when your appliance is used in other than normal, single-family household use." Plaintiff eventually discarded the Oven.

Plaintiff learned that Star-K, an organization which certifies devices that conform to the requirements of Jewish religious law, had de-certified Defendant's ovens. Plaintiff has not alleged that the presence or absence of the Sabbath Mode feature affects the convection capabilities of the Oven. Plaintiff has not alleged that he was or is a practicing Jew, or that he follows Jewish religious restrictions.

Plaintiff filed seven claims against Defendant relating to the Oven. One claim is brought under the Magnuson-Moss Warranty Act on behalf of the class of people nationally who

purchased LRE3083, LRE3021ST, or LRE3085ST ovens.  Five claims are brought on behalf of the sub-class of people within the State of Ohio who purchased any of the aforementioned ovens. The six Class Action claims all relate to the alleged lack of Sabbath Mode on all three models of oven.  Plaintiff also brings one individual claim for breach of express warranty for Defendant's failure to fix the lack of a true convection feature on the Oven.  Plaintiff seeks lost profits from his business as well as the cost of the oven in damages for the individual breach of warranty claim.

Defendant moves to dismiss all claims, arguing that Plaintiff lacks Article III standing for all claims relating to the Sabbath Mode feature because Plaintiff has not been injured by the alleged lack of Sabbath Mode feature.  Defendant further argues that  Plaintiff's individual claim should be dismissed for failure to state a claim under 12(b)(6), because Plaintiff took himself outside the scope of the express limited warranty by using the Oven for commercial purposes. Plaintiff argues that he was injured because the alleged lack of Sabbath Mode feature diminished the value of the Oven.  Plaintiff also argues that his individual claim does have sufficient facts to support a claim for relief because the language of the warranty is ambiguous and because Defendant's conduct waived the limitation on the warranty.

## LAW AND ANALYSIS

### I.     Plaintiff Lacks Standing to Bring a Class Action Relating to the Alleged Sabbath Mode Feature because Plaintiff Suffered No Injury.

Defendant moves to dismiss Counts 1-6 of the Complaint for lack of standing because Plaintiff has not suffered a concrete and particularized injury.

Standing is an "essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  A plaintiff must show

three things to demonstrate standing: 1) an injury in fact that is concrete and particularized, as well as actual or imminent; 2) a causal relationship between the injury and the complained-of conduct; and 3) a likelihood that the injury can be redressed by a decision in the plaintiff's favor. *See Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000); *N.E. Fla. Chapter of the Assoc. Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 663-64 (1993).

For an injury to be particularized, it must "affect the plaintiff in a personal and individual way." *Spokeo v. Robbins*, 136 S.Ct. 1540, 1548 (2016) (quotation marks and citation omitted). To be concrete, the injury must be real and not abstract. *Id.* However, the injury need not be physical. In *Washegesic v. Bloomingdale Pub. Sch.,* 33 F.3d 679 (6th Cir. 1994), the Court held that a non-Christian student had standing to compel the school district to remove a portrait of Jesus Christ from a school hallway. However, even where the injury is non-physical, it must still personally affect the plaintiff. A plaintiff cannot merely rely on "the psychological consequence presumably produced by observation of conduct with which one disagrees." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 485 (1982).

The plaintiff bears the burden of alleging sufficient facts to demonstrate standing. *Warth v. Seldin*, 422 U.S. 490, 518 (1975). "Threshold individual standing is a prerequisite for all actions, including class actions." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998).

In this case, Plaintiff has not pled sufficient facts to show injury from the alleged lack of Sabbath Mode. In *Washegesic*, the plaintiff was a non-Christian student who felt directly

impacted by the presence of a picture of Jesus in his school. *Washegiesic*, 33 F.3d at 681.

However, in this case, Plaintiff has not alleged that he is a member of the Jewish faith, or that he

follows Jewish religious law. Therefore, the lack of Sabbath Mode, a feature designed

specifically for practitioners of the Jewish faith, does not impact Plaintiff. The injury is not

concrete because it has no actual impact on Plaintiff and the injury is not particularized because

it does not affect the Plaintiff individually. Rather, it affects a class of people to which Plaintiff

does not belong, but which he purports to represent.

Plaintiff argues that, as long as there is a defect in the product, he need not have been

personally affected by the defect to have standing. Plaintiff cites *Glazer v. Whirlpool Corp*, 678

F.3d 409 (6th Cir. 2012)[1], in which the court affirmed class certification for all consumers who

bought Whirlpool's washing machines, regardless of whether each machine had developed mold.

However, Plaintiff misunderstands the holding of *Glazer*. The customers whose washers had not

yet developed mold were not named plaintiffs, but members of the class. "Rule 23(b)(3) does

not require individual class members to individually state a valid claim for relief." *Id.* at 421,

(quoting *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 297, 305 (3d Cir.2011))(internal quotation

marks omitted). The named plaintiffs, however, each suffered concrete and particularized harm

because their washing machines actually developed mold. *Id.* at 412-13. Furthermore, *Fallick*

clarified that, "[t]hreshold *individual* standing is a prerequisite for all actions, including class

actions." *Fallick*, 162 F.3d at 423 (emphasis added). Thus, *Glazer* does not excuse a named

---

[1]Plaintiff cites the judgement by the 6th Circuit which the Supreme Court vacated and remanded to be reconsidered in light of newly decided Supreme Court cases. The 6th Circuit reaffirmed its original holding in *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 845 (6th Cir. 2013).

plaintiff from demonstrating a concrete and particularized injury.[2]

Plaintiff, in his Opposition Brief, also claimed that he suffered "economic loss" due to the lack of a Sabbath Mode feature. Plaintiff argues that because the Oven did not have the advertised feature, Defendant misrepresented the Oven's true value and so Plaintiff suffered a loss because he received goods worth less than the represented value. However, Plaintiff alleges no evidence in the Complaint to show that the value was reduced. The Complaint only mentions "diminution of value" in the recitation of types of damages, but that is a legal conclusion, not a factual allegation. Taking all factual allegations in the Complaint to be true, there is no support for a claim that Plaintiff suffered an "economic loss."

Plaintiff seeks to bolster his economic loss claim by citing *Johnson v. Jos. A. Bank Clothiers, Inc.*, 2014 U.S. Dist. LEXIS 115113, 2014 WL 4129576. However, while that case acknowledges economic loss as a harm, the court ruled that the plaintiffs did not have standing because they did not allege in their complaint that the goods they received were worth less than what they paid. *Id.* at *7. Similarly, in this case, Plaintiff has not alleged any facts to support a claim that the Oven was worth less than the amount Plaintiff paid and therefore cannot assert economic loss.

Plaintiff's Class Action claims are dismissed for lack of standing because Plaintiff has not alleged any facts that show a concrete and particularized injury resulting from the alleged misconduct.

---

[2]The Court has reviewed Plaintiff's supplemental authority, but it does not affect the Court's holding, as the Supreme Court has held that "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

**II.    Plaintiff's Individual Claim Fails to State a Claim because Plaintiff Voided the Warranty.**

Defendant moves to dismiss Plaintiff's individual breach of warranty claim for failure to state a claim pursuant to Fed. R. Civ P. 12(b)(6) because, even taking all of Plaintiff's factual allegations as true, Plaintiff voided the warranty by using the Oven for Plaintiff's business and therefore Plaintiff has no grounds for relief.  Plaintiff argues that the warranty is vague and that Defendant waived the limitation on the warranty by attempting to repair the Oven.

A.    <u>The Plain Terms of the Warranty are Not Ambiguous.</u>

In evaluating a motion under Rule 12(b)(6), the Court must construe the Complaint in the light most favorable to the plaintiff and accept all factual allegations as true.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  The plaintiff must provide enough facts to state a claim for relief that is plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  Legal conclusions, however, are not entitled to an assumption of truth.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1941 (2009).

A warrantor is allowed to limit or negate express warranties as long as the limitation is reasonable.  Ohio Rev. Code Ann. § 1302.29 (West).  Courts analyze written warranties as contracts and when the language is clear, "the court will employ the ordinary meaning of the words used in the contract."  *Horvath v. Am. Honda Motor Co.*, No. CI 020097757, 2011 Ohio Misc. LEXIS 23773, at *5.  "When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties."  *Sunoco, Inc. (R & M) v. Toledo Edison Co.*, 129 Ohio St. 3d 397, 404 (2011).  Thus, if the plain language of the warranty has a clear meaning, the warranty is not ambiguous and extrinsic evidence cannot contradict that meaning.

The language of the warranty states: "This limited warranty does not apply to: Repairs when your appliance is used in other than normal, single-family household use." The plain meaning of this limitation is that the warranty is void from the moment that the appliance is used for a non-conforming use. Plaintiff admits that he planned to use the Oven for his business and that he baked goods in the Oven to test its suitability for his business. Plaintiff also seeks lost profits for being unable to use the Oven for his business, demonstrating his intent to continue using the Oven for commercial gain.

Plaintiff argues that the warranty could be interpreted to mean that Defendant is obligated to repair or replace the appliance unless it suffers an "abuse-related malfunction" and therefore, the warranty is ambiguous. This interpretation goes against the plain meaning of the warranty and requires that the Court read in additional terms that are simply not there. The warranty never raises the question of why the appliance needs repairs. It merely states that the warranty does not apply "when your appliance is used" in a nonconforming way, regardless of whether that use causes the need for repairs.

B.     Defendant Did Not Waive the Warranty Limitation Through Course of Performance.

Plaintiff argues that Defendant waived the limitation on the warranty by sending repair crews to attempt repairs on the Oven until the Oven was deemed "unrepairable."

As discussed above, written warranties are analyzed as contracts. *Horvath*, LEXIS 23773, at *5. The unambiguous terms of a contract cannot be contradicted by extrinsic evidence such as course of performance, though they can be explained or supplemented by such evidence. Ohio Rev. Code Ann. § 1302.05 (West). "Course of performance" is a sequence of conduct with regard to a transaction, if the transaction has repeated opportunities for performance and the

other party accepts the performance without objection. Ohio Rev. Code Ann. § 1301.303 (West).

Defendant's sending repair crews to fix the oven is extrinsic evidence of Defendant's intent regarding the contract. The warranty, by promising to repair defects in materials or workmanship, created opportunities for repeated performance and Plaintiff accepted the performance. Therefore, Defendant's conduct constitutes course of performance. However, as discussed above, the meaning of the warranty is not ambiguous. Course of performance may be used to enhance or explain the contract provision, but it cannot be used to contradict the unambiguous terms of the contract. Ohio Rev. Code Ann. § 1302.05 (West). Plaintiff claims that the course of performance means that the warranty still applies, even though the Oven was used for commercial purposes. This is a direct contradiction of the unambiguous terms of the warranty. Therefore, Defendant's sending the repair teams to attempt to repair the Oven does not invalidate the limitation on the warranty.

Taking all factual allegations as true, Plaintiff has not pled sufficient facts to make his claim for relief plausible on its face. Since Plaintiff's bare legal claims cannot stand unsupported, Plaintiff's individual claim is dismissed.

## CONCLUSION

Because Plaintiff suffered no injury from the alleged conduct and Plaintiff voided the warranty under which he seeks to recover, Defendant's Motion to Dismiss the Second Amended

Complaint in its entirety is GRANTED.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  June 22, 2017